J-S05011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :              PENNSYLVANIA
                                    :
                v.                      :
                                    :
                                    :
MARK ALAN MYERS             :
                                    :
            Appellant             :    No. 696 WDA 2022

Appeal from the Judgment of Sentence Entered May 10, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002108-2021

BEFORE: BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED: MAY 18, 2023**

Appellant, Mark Alan Myers, appeals from the judgment of sentence of 20 to 40 years' imprisonment, imposed after a jury convicted him of three counts of rape of a child, 18 Pa.C.S. § 3121(c); three counts of involuntary deviate sexual intercourse with a child, 18 Pa.C.S. § 3123(b); three counts of aggravated indecent assault of a child, 18 Pa.C.S. § 3125(b); three counts of indecent assault of a person less than thirteen years of age, 18 Pa.C.S. § 3126(a)(7); and three counts of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii). We affirm.

The trial court summarized the facts adduced at Appellant's jury trial as follows:[1]

_____

[1] Because Appellant failed to request a transcript of the proceedings, the trial court stated that it had to utilize the informal notes of the court reporter in

On May 2, 2022[,] and continuing through May 3, 2022, a jury trial was conducted in this matter. At trial, the mother of the minor victim (hereinafter identified as K.K.) testified that on or about March 31, 2021[,] she was made aware of allegations that … Appellant was sexually assaulting her minor daughter. … Appellant and the mother of K.K. were dating for almost three years and lived together for almost a full year at the point she was made aware of the allegations. Appellant and the mother of K.K. also had a daughter together, who [— ]in addition to K.K.[ —] lived in the house with them during that year. During the year that Appellant and [K.K.'s m]other were living together[,] Appellant was frequently left alone with the minor children to care for them while [K.K.'s m]other was at work.

K.K. testified that[,] during the time she lived with Appellant[,] she was six years old. K.K. stated that[,] around Christmas of 2021[,] Appellant began sexually abusing her. K.K. stated the sexual abuse occurred multiple times over several months[,] from approximately Christmas to before K.K.'s seventh birthday in April[ of] 2022.

K.K. stated that[,] on multiple occasions[,] Appellant had licked her vagina and shoved "his finger up my private and butt." Several times[,] … Appellant had forced K.K. to rub his penis with her hand. K.K. further stated that Appellant forced K.K. to perform oral sex on him. When … Appellant forced K.K. to perform oral sex on him, he told K.K. to "put it in farther." K.K. also testified that one time[,] … Appellant ejaculated on her stomach, which she described as pee that looked like "baby powder with water." When these instances of sexual abuse would occur, K.K. and the other minor child were both home alone with Appellant, but … Appellant would take K.K. into a room alone.

TCO at 2-3.

On May 4, 2022, the trial court sentenced Appellant to the above-stated

term. On May 10, 2022, the trial court entered an amended judgment of

_____

preparing its Pa.R.A.P. 1925(a) opinion. **See** Trial Court Opinion ("TCO"), 7/19/22, at 2 n.6. However, since the filing of the trial court's Rule 1925(a) opinion, it appears that Appellant ordered the jury trial transcript, as we were able to obtain the transcript upon making an informal inquiry with the trial court.

sentence, which kept the same term of incarceration for Appellant but apparently removed language about Appellant's being determined to be a sexually violent predator and the accompanying requirements for that designation.[2]  On June 1, 2022, Appellant filed a timely notice of appeal.[3]  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely did so.   The trial court subsequently issued a responsive Rule 1925(a) opinion.

On appeal, Appellant raises a single issue for our review:

Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that Appellant engaged in improper and/or sexual relations with a minor?

Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant generally claims that none of his convictions can be sustained because "[t]he Commonwealth failed to establish that [he] engaged in improper and/or sexual relations with a minor."  **Id.** at 12.  He advances a three-prong argument in support.  First, he argues that K.K.'s mother offered contradictory testimony, in that "[o]n one hand, she stated that she would

---

[2] The amended judgment of sentence was dated May 6, 2022.

[3] In his notice of appeal, Appellant purports to appeal from the May 4, 2022 judgment of sentence.  However, in cases where the trial court amended the judgment of sentence during the period in which it maintains jurisdiction under 42 Pa.C.S. § 5505, the appeal properly lies from the amended judgment of sentence.  **See Commonwealth v. Hill**, 2023 WL 2565870, at *2 n.3 (Pa. Super. filed Mar. 20, 2023) (unpublished, non-precedential memorandum) (citing **Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010)).  We have corrected the caption to reflect that Appellant appeals from the May 10, 2022 judgment of sentence.

leave her children alone with Appellant; on the other hand, she stated she left her children with both her mother and Appellant, never only one of the two of them." *Id.* at 13-14. Second, he avers that, while K.K. made several allegations of sexual misconduct on the part of Appellant, such allegations were later refuted at trial by Appellant. *Id.* at 14. Finally, he points out that he presented two character witnesses at trial, both of whom agreed that he is a peaceful, law-abiding citizen. *Id.*

> In reviewing sufficiency-of-the-evidence claims, we recognize that:
>
> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013) (citation omitted).

No relief is due. First, while K.K.'s mother testified that she would leave the children with her mother and Appellant, *see* N.T. Trial, 5/2/22-5/3/22, at 31, she also noted that Appellant took care of the children while she was working, and she confirmed that there was a time where K.K. was alone with Appellant. *See id.* at 29. Further, K.K. testified that when her mother left her with Appellant, her grandmother was not always there too. *Id.* at 52; *see*

*also id.* at 42-43, 45-46. Viewing this testimony in the light most favorable to the Commonwealth, as the verdict winner, it establishes that Appellant had time alone with K.K. *See Teems*, *supra*. We also note that "the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id.*

Second, the fact that Appellant refuted the claims of sexual misconduct made by K.K. is inapposite in challenging the sufficiency of the evidence. "An argument regarding the credibility of a witness's testimony goes to the weight of the evidence, not the sufficiency of the evidence." *Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) (citation and internal quotation marks omitted); *see also Commonwealth v. Sipps*, 225 A.3d 1110, 1113 (Pa. Super. 2019) ("The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.") (citation omitted)). Here, K.K. testified that Appellant touched and licked her private parts, "shove[d] his finger up [her] private and [her] butt[,]" and forced her to touch his private parts and put "his private" in her mouth. N.T. Trial at 41-42, 44, 46. Just because Appellant denied these accusations at trial does not mean that the evidence was insufficient to sustain his convictions.

Finally, the testimony from Appellant's character witnesses that he is a peaceful, law-abiding citizen also goes to the weight — and not the sufficiency — of the evidence. We repeat that "the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *See Teems*, *supra*. In convicting Appellant, it appears that the jury afforded the character witnesses' testimony little to no weight. *Accord* TCO at 6 ("Appellant himself testified and he offered two character witnesses. Ultimately, the issue is one of credibility, which falls under the jury's domain."). However, in reviewing the sufficiency of the evidence, "we may not weigh the evidence and substitute our judgment for the fact-finder." *See Sipps*, *supra*.

In sum, none of the arguments made by Appellant warrant relief. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2023